

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

_____

No. 08-24-00055-CR

_____

Ex Parte Nelson Fabrico Vindel Sevilla

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 13764CR

## MEMORANDUM OPINION

Appellant, Nelson Fabrico Vindel Sevilla, appeals from the trial court's order denying his pretrial application for writ of habeas corpus. We affirm.

### I. BACKGROUND

Vindel Sevilla, a noncitizen, was arrested for and charged with the misdemeanor offense of criminal trespass in Kinney County, Texas in August 2022, as part of Operation Lone Star (OLS), the State's initiative to address the influx of illegal border crossings from Mexico to Texas.[1]

---

[1] *See* Tex. Penal Code Ann. § 30.05(a).

He subsequently filed a pretrial application for writ of habeas corpus in the county court, arguing he was the subject of selective prosecution in violation of his equal protection rights because the State was arresting and prosecuting men, but not women, for alleged trespassing in cases arising out of OLS. The county court granted Vindel Sevilla's habeas application and determined that the merits would "be heard by submission of evidence." Both parties submitted evidence to the court. The court then denied Vindel Sevilla's request for habeas relief.

Vindel Sevilla appealed to the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order.[2]

## II. STANDARD OF REVIEW

We generally review a trial court's ruling on a pretrial application for writ of habeas corpus under an abuse of discretion standard. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468, 472 (Tex. App.—San Antonio 2020, pet. ref'd). But "when, as here, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. Further, we must uphold the trial court's ruling if it "was supported by the record and was correct under any theory of law applicable to the case[,] . . . even if the trial court gave the wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (en banc) (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc)); *see Ex parte Guerrero*, No. 04-24-00583-CR, 2025 WL 2399174, at *1 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (per curiam) (mem. op., not designated for publication).

---

[2] *See* Tex. Gov't Code Ann. §§ 73.001(a), 73.002(a). Because the case was transferred from the Fourth Court of Appeals to this Court pursuant to a Texas Supreme Court order, we must decide this case in accordance with the Fourth Court's precedent. *See* Tex. R. App. P. 41.3.

## III. DISCUSSION

On appeal, Vindel Sevilla argues that his selective-prosecution claim is cognizable in a pretrial habeas proceeding, that he established a prima facie case of selective prosecution, that the State failed to justify the discriminatory treatment, and that we should therefore reverse the trial court's order and remand this case to the trial court with instructions to dismiss the underlying proceeding against him. In response, the State contends that a selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that Vindel Sevilla failed to establish a prima facie case of selective prosecution.

### A. Cognizability

In *Aparicio II*, the Court of Criminal Appeals held that the appellant's claim of selective arrest and prosecution was cognizable in a pretrial habeas proceeding under the facts of the case. *Ex parte Aparicio*, 707 S.W.3d 189, 202–03 (Tex. Crim. App. 2024). From our review, the facts and arguments in this case are substantively the same as those in *Aparicio*. Accordingly, we conclude that Vindel Sevilla's claim is cognizable. *See, e.g.*, *Guerrero*, 2025 WL 2399174, at *1.

### B. Selective prosecution

"To establish a prima facie case of 'selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose.'" *Guerrero*, 2025 WL 2399174, at *1 (quoting *Aparicio II*, 707 S.W.3d at 204). To succeed "under the second prong, the claimant must show 'an intentional or purposeful discrimination in the enforcement of the statute against him.'" *Aparicio II*, 707 S.W.3d at 206 (quoting *Satterwhite v. State*, 726 S.W.2d 81, 84 (Tex. Crim. App. 1986)). Thus, the claimant must "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a

3

particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id.* at 208 (emphasis in original) (quoting *United States v. Armstrong*, 517 U.S. 456, 464–65 (1996)); *see Guerrero*, 2025 WL 2399174, at *1.

In the context of this case, to establish a prima facie case of selective enforcement or selective prosecution based on his arrest and prosecution for the offense of criminal trespass, Vindel Sevilla had "to show that he is being 'invidiously' punished for criminal trespass *because* he is male." *Aparicio II*, 707 S.W.3d at 208 (emphasis in original). Stated differently, Vindel Sevilla had to "show by 'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id.* at 210 (emphasis in original); *Guerrero*, 2025 WL 2399174, at *1.

"The evidence here is substantively the same as the evidence presented in *Aparicio*."[3] *Guerrero*, 2025 WL 2399174, at *2; *see Aparicio II*, 707 S.W.3d at 194–97. In that case, however, the Court of Criminal Appeals held that the appellant had "failed to meet his burden in demonstrating a *prima facie* case that he [was] arrested and [was being] prosecuted *because* of his

---

[3] We note that Vindel Sevilla attempts to differentiate his case from *Aparicio* based on (1) an affidavit of Victor Escalon, the South Texas Regional Director for the Texas Department of Public Safety, which was admitted into evidence in this case by the State, and (2) evidence allegedly showing that a woman was arrested for criminal trespass related to OLS in February 2023. This evidence, however, is substantively similar to the evidence in *Aparicio* and is insufficient to establish a prima facie claim of selective arrest and prosecution based on gender. *See, e.g.*, *Ex parte Sanchez Dubon*, No. 04-24-00584-CR, 2025 WL 2399175, at *1–2 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (per curiam) (mem. op., not designated for publication) (affirming trial court's order denying habeas relief in case involving identical arguments, as set forth in Appellant's Opening Brief, at 29–38, *Sanchez Dubon*, 2025 WL 2399175 (No. 04-24-00584-CR), https://search.txcourts.gov/Case.aspx?cn=04-24-00584-CR&coa=coa04, brief filed November 14, 2024); *Ex parte Guerrero*, No. 04-24-00583-CR, 2025 WL 2399174, at *1–2 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (per curiam) (mem. op., not designated for publication) (affirming trial court's order denying habeas relief in case involving identical arguments, as set forth in Appellant's Opening Brief, at 29–38, *Guerrero*, 2025 WL 2399174 (No. 04-24-00583-CR), https://search.txcourts.gov/Case.aspx?cn=04-24-00583-CR&coa=coa04, brief filed November 18, 2024); *Ex parte Lopez*, No. 05-24-00082-CR, 2025 WL 2880829, at *2–4 (Tex. App.—Dallas Oct. 9, 2025, no pet. h.) (mem. op., not designated for publication); *Ex parte Vallesteros*, No. 06-24-00040-CR, 2024 WL 5161900, at *1 (Tex. App.—Texarkana Dec. 19, 2024, pet. ref'd) (mem. op., not designated for publication) (determining that evidence, as set forth in *Ex parte Vallesteros*, No. 06-24-00040-CR, 2024 WL 1632070, at *2 (Tex. App.—Texarkana April 16, 2024) (mem. op., not designated for publication), *judgment vacated by Ex parte Campos*, Nos. PD-0434-24 & PD-0435-24, 2024 WL 5074600 (Tex. Crim. App. Dec. 11, 2024), was insufficient to establish a prima facie case of selective arrest and prosecution); *cf.* Tex. R. App. P. 41.3 (requiring, in cases transferred from one appellate court to another, transferee appellate court to apply precedent from transferor appellate court).

gender." *Aparicio II*, 707 S.W.3d at 210 (emphasis in original). We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that Vindel Sevilla failed to prove, and the evidence is insufficient to show, that the State of Texas' policy was motivated by a discriminatory purpose. *See Guerrero*, 2025 WL 2399174, at *2 (citing *Aparicio II*, 707 S.W.3d at 204).

We further conclude that, because Vindel Sevilla failed to establish the second prong of his selective prosecution claim, he failed to establish a prima facie case of selective prosecution or selective enforcement, and the trial court did not err in denying his pretrial application for writ of habeas corpus.

## VI. CONCLUSION

We affirm the trial court's order denying Vindel Sevilla's pretrial application for writ of habeas corpus. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

November 24, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do not publish)